Case 4:24-cv-03331   Document 14   Filed on 12/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORRY JOSIE BATISTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03331 |
| | § | |
| FIESTA MART BEVERAGE INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Fiesta Mart Beverage Inc. ("Fiesta"), motion for summary judgment (Dkt. No. 12). The plaintiff, Lorry Josie Batiste ("Batiste"), has filed a response to the defendant's motion (Dkt. No. 13). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **DENIED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

Batiste alleges that she suffered personal injuries on April 23, 2022, while shopping as a customer at Fiesta Mart Store No. 24 in Houston, Texas. According to the petition, Fiesta Mart owns and maintains the premises. Batiste states she was in the medicine aisle to pick up medication for her husband when she slipped and fell on grapes that were on the aisle floor. She asserts that the area was not roped off and lacked cones, caution signs, or other indicators of a hazardous condition.

The complaint states that Batiste was unaware of the hazard and could not have reasonably discovered it. She alleges she sustained multiple injuries because of the fall, including a nondisplaced fracture of the left tibial plateau, right thigh pain, left hip pain, and lower-back pain.

Batiste contends that Fiesta Mart owed her, as an invitee, a duty to use ordinary care to make the premises safe or warn her of dangerous conditions. She alleges that Fiesta Mart knew or should have known of the unreasonably dangerous condition and failed to correct it or warn her. The complaint alleges that Fiesta Mart was negligent in failing to maintain the premises in a reasonably safe condition, failing to inspect the area, failing to take reasonable measures to safeguard customers, failing to warn her of the hazard, and failing to block off or mark the unsafe area.

### III.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV. ANALYSIS & DISCUSSION

Rule 56(d) provides that if a nonmovant shows, by affidavit or declaration, that she cannot present facts essential to justify her opposition, the Court may defer consideration of the motion, deny it, permit additional time for discovery, or "issue any other appropriate order." FED. R. CIV. P. 56(d). As federal courts have recognized, Rule 56(d) provides broad discretion to ensure that summary judgment is not granted before a party has had a fair opportunity to obtain essential evidence. *Prospect Cap. Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016).

This case turns in part on whether Fiesta had actual or constructive knowledge of the alleged dangerous condition. Under Texas law, constructive knowledge in premises liability cases must be evaluated based on a combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). The Texas Supreme Court has repeatedly held that evidence of the length of time the condition existed often referred to as the "time-notice rule" is an essential element to determining whether a premises owner had a reasonable opportunity to discover and remedy a hazard. *Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

The record before the Court is insufficient to conduct that analysis. Batiste has presented evidence that she does not know how long the grapes were on the floor, and Fiesta, who controls the relevant surveillance footage, inspection record, staffing information, and store policies, have not yet provided critical discovery. Further, Fiesta has only made one corporate representative available to Batiste, and that representative is unavailable for the remainder of 2025. These factual issues go directly to whether Fiesta knew or should have known of the condition under *Reese* or *Spates.* Without further discovery on these issues, Batiste cannot meaningfully respond to Fiesta's assertion that no evidence of constructive knowledge exists.

For the foregoing reasons, the Court exercises its discretion under Rule 56(d). Fiesta's motion for summary judgment is **DENIED** as premature. Batiste is granted additional time to complete discovery relevant to the actual or constructive knowledge of the alleged condition.

It is so **ORDERED**.

SIGNED on December 5, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge